IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODNEY THOMAS DUBOIS,<br><br>Plaintiff,<br><br>v.<br><br>DONNA SWEENEY, et al.,<br><br>Defendants. | Civil Action<br>No. 18-3718 (PGS-LHG)<br><br>**MEMORANDUM OPINION** |

**SHERIDAN, U.S. District Judge**

Plaintiff Rodney Thomas DuBois, a prisoner currently confined at New Jersey State Prison, Trenton, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security. IFP Application, Docket Entry 1-1.

Plaintiff's application indicates that his inmate account routinely exceeds $200. In the past 6 months he has spent over $100 at the commissary on multiple occasions. IFP status is a privilege, not a right. *Shahin v. Sec. of Del.*, 532 F. App'x 123 (3d Cir. 2013) (per curiam) (citing *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)). "In determining whether a litigant is eligible for IFP status, the Court should consider the financial position of the party." *Id.* (affirming denial of IFP in spite of monthly income of only $95 from self-employment as plaintiff would not be deprived of "necessities of life").

Here, Plaintiff's income as reflected by the account statement indicates he is able to afford the $350 filing fee and $50 administrative fee. Requiring him to pay the filing fee would not deprive him of the necessities of life as the prison provides his food, clothing, and shelter. Like the plaintiff in *Shahin*, Plaintiff may have to save in order to pay the filing fee, but such

requirement "would not deprive [him] of the 'necessities of life.'" 532 F. App'x at 124. The Court will therefore deny the application to proceed *in forma pauperis*.

An appropriate order follows.

3/26/18
Date

PETER G. SHERIDAN
U.S. District Judge