NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RODNEY THOMAS DUBOIS, | : | |
| Plaintiff, | : | Civ. No. 18-3718 (PGS-LHG) |
| v. | : | |
| DONNA SWEENEY, et al., | : | **MEMORANDUM** |
| Defendants. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to dismiss Plaintiff Rodney Thomas

Dubois' amended complaint filed by defendants Donna Sweeney, Jamel El-Chebli, Joseph

Bundy, and Nick Spiewah. (ECF No. 25). Plaintiff opposes the motion. (ECF No. 26).[1] For the

following reasons, the motion is granted in part. The claims for damages against defendants in

their official capacities and the Eighth Amendment claim are dismissed. Defendants shall answer

Plaintiff's free exercise, retaliation, and Religious Land Use and Institutionalized Persons Act,

42 U.S.C. § 2000cc-1 et seq. ("RLUIPA") claims.

### I.

Plaintiff, a prisoner in New Jersey State Prison ("NJSP"), is a Native American of the

Chippewa-cree tribe. (ECF No. 9 ¶ 18). He was transferred to NJSP from Montana State Prison

under the Interstate Corrections Compact ("ICC") on October 25, 2016. (*Id.* ¶¶ 17-18). He

---

[1] Plaintiff filed a sur-reply without leave of Court. (ECF No. 28). The Court has disregarded this
filing. Local Civ. R. 7.1(d)(6).

alleges defendants are violating his right to practice his religion by denying his access to a sweat lodge ceremony and by confiscating his religious articles, including tobacco used in a peace pipe ceremony. He further alleges defendants retaliated against him by filing a false disciplinary infraction against him for allegedly refusing a strip search on November 27, 2017 and searching and seizing his religious items. (*Id.* ¶ 34). He asserts the false disciplinary charge constitutes cruel and unusual punishment.

## II.

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

## III.

### A. Eleventh Amendment

Defendants argue that they are immune from suit because Plaintiff has only sued them in their official capacities. Plaintiff argues that he has sued them in their individual and official capacities. (ECF No. 26 at 3).

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. A suit against a public official "'in his or her official capacity is not a suit against the official but rather is a suit against the official's office ....'" *Printz v. United States*, 521 U.S. 898, 930–31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

The claims for monetary damages against defendants in their official capacities are dismissed with prejudice as barred by the Eleventh Amendment. Claims against defendants in their individual capacities are not barred by the Eleventh Amendment, nor are injunctive relief claims against the individual defendants in their official capacities. *See Ex parte Young*, 209 U.S. 123 (1908).

### B. Lack of Jurisdiction

Defendants also argue the Court lacks jurisdiction over the complaint because only the New Jersey Superior Court, Appellate Division may review New Jersey agency decisions. (ECF No. 25-1 at 9). This argument is meritless. The complaint before the Court alleges that individual state actors violated Plaintiff's federal constitutional and statutory rights. This Court's jurisdiction over these claims is firmly established by 42 U.S.C. § 1983.

## C. Failure to State a Claim

Defendants also argue Plaintiff has failed to state claims for violations of the First and Eighth Amendment.

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). *See* U.S. CONST. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ."). "Nevertheless, the fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates." *DeHart v. Horn*, 227 F.3d 47, 50–51 (3d Cir. 2000) (en banc) (citing *Pell v. Procunier*, 417 U.S. 817, 822-23 (1974)). "Thus, a prison inmate 'retains [only] those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Id.* (quoting *Pell*, 417 U.S. at 822 (alteration in original)).

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Court considers four factors in assessing the overall reasonableness of a prison regulation: (1) "there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there are alternatives to the

regulation that "fully accommodate[ ] the prisoner's rights at de minimis cost to valid penological interests." *Id.* at 89-91.

Plaintiff argues that access to tobacco and a sweat lodge are crucial components of his religion. (ECF No. 9 ¶¶ 23, 40). Defendants state that tobacco is banned at all New Jersey Department of Corrections facilities, but do not address the flat ban within the *Turner* framework. (ECF No. 25-1 at 12). The Court cannot complete the *Turner* analysis on the face of the complaint under a motion to dismiss standard; such an argument is better reserved for summary judgment when it can be supported with evidence outside of the pleadings. For purposes of a motion to dismiss, Plaintiff has sufficiently alleged a violation of his First Amendment right to freely exercise his religion based on denial of tobacco and access to a sweat lodge.

The amended complaint does not specifically invoke RLUIPA, but the Court must construe pro se pleadings liberally, and Plaintiff references the Act in his opposition. (ECF No. 28 at 3). The Court will therefore permit a RLUIPA claim to proceed at this time.[2] *See Native Am. Council of Tribes v. Weber*, 750 F.3d 742, 748 (8th Cir. 2014) (affirming district court's order enjoining department of corrections from banning tobacco in prisons and governing religious use of tobacco in prison under RLUIPA).

The Court will also permit the retaliation claim to proceed. In order to proceed with his retaliation claim, Plaintiff had to provide facts indicating that his "conduct provoking the alleged

---

[2] "RLUIPA protects 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief[.]'" *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (quoting 42 U.S.C. § 2000cc–5(7)(A)). RLUIPA provides "'greater protection' for religious liberty than is provided by the First Amendment." *Payne v. Doe*, 636 F. App'x 120, 124 (3d Cir. 2016) (per curiam) (citing *Hobbs*, 135 S. Ct. at 863) (internal citation omitted). "[T]he only relief potentially available to [Plaintiff] for his RLUIPA claims is injunctive or declaratory. RLUIPA does not allow for the recovery of money damages." *Id.* at 125 (citing *Sharp v. Johnson*, 669 F.3d 144, 154 (3d Cir. 2012).

retaliation was constitutionally protected, that he suffered some 'adverse action' at the hands of the prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and that the constitutionally protected conduct was a substantial or motivating factor in the defendants' conduct." *Mutschler v. Tritt*, No. 18-3086, 2019 WL 1473929, at *2 (3d Cir. Apr. 3, 2019) (unpublished) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)) (alteration in original). Plaintiff argues that his sacred herbs were seized as a result of practicing his religion. This is sufficient to state a claim. However, Plaintiff's retaliation claim is barred to the extent it is based on allegedly false disciplinary charges, as is Plaintiff's Eighth Amendment challenge to the alleged false disciplinary charge.

The Supreme Court held in *Heck v. Humphrey* that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486-87 (1994). The Supreme Court extended the holding to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641 (1997).

To succeed at trial, Plaintiff must prove that defendants filed disciplinary charges against him because of Plaintiff's religion, not because he refused a strip search. Were Plaintiff to succeed on this claim, the validity of the disciplinary proceedings would necessarily be called into question. Under *Heck* and *Edwards*, Plaintiff may not proceed on this claim unless and until his disciplinary charges have been overturned. This claim is therefore dismissed without prejudice.

## V.

For the reasons stated above, the motion to dismiss is granted in part. Plaintiff's free exercise, RLUIPA, and retaliation claims shall proceed. An appropriate order follows.

DATED: ___5/28___, 2019

_(signature)_
PETER G. SHERIDAN
United States District Judge